JUDGE BATTS

10 CV 955

Ira S. Sacks
Jennifer Daddio
Law Offices of Ira S. Sacks LLP
575 Madison Avenue
New York, New York 10022
(212) 605-0130
(212) 605-0353 (fax)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BeautyBank Inc.

               Plaintiff,

      v.

Harvey Prince LLP,

              Defendant.
----------------------------------------------------------x

Civ. No.

COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff BeautyBank Inc. ("BeautyBank" or "Plaintiff"), for its complaint against defendant Harvey Prince LLP ("Harvey Prince" or "Defendant"), by its attorneys the Law Offices of Ira S. Sacks LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, dilution, false advertising, and unfair competition in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. BeautyBank's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the

statutory and common law of the State of New York. There also is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. Plaintiff BeautyBank is a Delaware corporation with its principal place of business at 767 Fifth Avenue, New York, New York 10153. BeautyBank has been injured and will continue to be injured in New York and this judicial district by Defendant's wrongful acts.

4. Defendant Harvey Prince is a Nevada limited liability partnership and maintains its principal place of business at 269 Alfred Avenue, Englewood Cliffs, New Jersey 07632. Harvey Prince (i) has sold the infringing products at issue in this case and other products in New York and this judicial district and/or (ii) expected, intended and directed that those products be resold in New York and this judicial district by its distributors and/or retail accounts, and had full knowledge that those products were resold in New York and this judicial district or could reasonably be expected to be resold in New York and this judicial district.

## THE FLIRT TRADEMARKS

5. BeautyBank is a direct subsidiary of The Estée Lauder Companies Inc. and the owner of the brand FLIRT. BeautyBank is engaged in the manufacture, distribution and sale in interstate commerce of the FLIRT brand line of cosmetics, including, *inter alia*, fragrance, color cosmetics, bath and body products, and skin care preparations. BeautyBank or its predecessors-in-interest have been using the FLIRT Trademarks (as defined below) on various cosmetics and beauty care products since 1998. Since September 2004, FLIRT cosmetics have been sold throughout the United States exclusively in Kohl's department stores.

6. BeautyBank is the owner of a family of numerous registered and common law trademarks using "FLIRT" as all or a significant portion of the mark (the "FLIRT Trademarks").

The FLIRT Trademarks include, but are not limited to, the following U.S. Trademark Registrations:

| Trademark | Registration Or Application Number | Registration Date | IC | Goods and Services |
|---|---|---|---|---|
| FLIRT | 2188598 | September 8, 1998 | 003 | cologne; perfume; body lotion |
| FLIRT | 3086352 | April 25, 2006 | 003 | Cosmetics, namely, lipstick, lip gloss, lip pencils, lip liner, lip balm, lip conditioner, eye pencils, eye liner, eye shadow, mascara, eye brow pencils, foundation make-up, pressed powder, face powder, concealer, rouge, blush, and make-up remover; fragrances for personal use |
| BIG FLIRT | 3110374 | June 27, 2006 | 003 | Cosmetics |
| FLIRT | 3151504 | October 3, 2006 | 003 | Cosmetics; non-medicated skincare preparations |
| FLIRT WITH THE POSSIBILITIES | 3276256 | August 7, 2007 | 044 | Beauty consultation services |
| FLIRTATION | 3286227 | August 28, 2007 | 003 | Eau de parfum; Eau de perfume; Fragrances for personal use; Perfume |
| FLIRT | 3330383 | November 6, 2007 | 044 | Beauty consultation services |
| FLIRTATIOUS! and Design | 3345972 | November 27, 2007 | 003 | Body lotion; Fragrances for personal use; Perfume |
| FLIRT! | 3379306 | February 5, 2008 | 018 | Cosmetic bags sold empty; cosmetic cases sold empty, lipstick cases, toiletry cases sold empty, and vanity cases sold empty |
| FLIRT-TINIS | 3410323 | April 8, 2008 | 003 | Cosmetics |
| FLIRTATIOUS | 3469557 | July 15, 2008 | 003 | Body and beauty care preparations; Cologne; Cosmetics; Fragrances for personal use; Perfume |

3

7. BeautyBank also owns several pending U.S. trademark applications in the FLIRT family.

8. FLIRT registered trademark No. 2188598 has achieved incontestable status under 15 U.S.C. § 1065.

9. Between August 2004 and November 2009, the net shipments of FLIRT products totaled in excess of $6,000,000. During that same period, the gross retail sales were in excess of $110,000,000. The total amount spent on Advertising and Promotion in that time period was in excess of $2,700,000.

10. As a result of BeautyBank's exclusive and extensive use and promotion of the FLIRT Trademarks, the FLIRT Trademarks are famous and are well known to the consuming public and trade as identifying and distinguishing BeautyBank exclusively and uniquely as the source of the high quality merchandise and services to which the FLIRT Trademarks are applied. The FLIRT Trademarks have acquired enormous value, goodwill and recognition in the United States.

11. Among the many products marketed using the FLIRT Trademarks is a line of perfume and fragrances, which prominently features the FLIRT Trademarks. This line of perfume and fragrances has achieved substantial success in the marketplace.

## DEFENDANTS' WRONGFUL ACTS

12. Harvey Prince, without the consent of BeautyBank, is manufacturing, distributing, advertising, shipping, offering for sale, and selling, throughout the United States, a fragrance, bearing the name "EAU FLIRT" (the "Infringing Goods"). Such goods are competitive with, related to, and are directed and targeted towards the same group of ultimate consumers as the cosmetics to which the FLIRT Trademarks are applied. Upon information and belief, EAU

FLIRT perfume was launched on July 1, 2009. A photograph of the EAU FLIRT perfume bottle is attached hereto as Exhibit A.

13. On May 5, 2009 Defendant Harvey Prince applied to register the mark HARVEY PRINCE EAU FLIRT with the United States Patent and Trademark Office ("USPTO"), for use on "colognes, perfumes and cosmetics" in international class 3, Serial No. 77/733393. That application was an intent-to-use application. On August 10, 2009, the USPTO issued a Non-Final Office Action refusing registration of the mark HARVEY PRINCE EAU FLIRT because of a likelihood of confusion with the FLIRT Trademarks, specifically, Registration Nos. 2,188,598, 3,151,504 and 3,086,352.

14. The EAU FLIRT perfume is available for purchase on the Harvey Prince website, at www.harveyprince.com. The website claims that "Eau Flirt has been clinically proven to attract men with its wickedly irresistible fragrance. Heads will turn with just one whiff of this subtle, yet sexy scent." According to Harvey Prince, it is also available on other websites and at specialty stores and retailers nationwide.

15. Defendant's aforementioned acts are likely to cause confusion and mistake among consumers that (a) the Infringing Goods originated with BeautyBank, (b) there is some affiliation, connection or association of Defendant and/or the Infringing Goods with BeautyBank, and/or (c) such Infringing Goods are being offered to consumers with the sponsorship and/or approval of BeautyBank, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the FLIRT Trademarks.

16. Defendant's aforementioned acts were willful and intentional, in that Defendant either knew that the Infringing Goods bore a trademark confusingly similar, substantially indistinguishable and/or identical to the FLIRT Trademarks, or willfully ignored such fact.

Defendant's acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the enormous goodwill associated with the FLIRT Trademarks.

### FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT)

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant's use of EAU FLIRT, without BeautyBank's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods.

19. Defendant's misconduct has injured BeautyBank in an amount to be determined at trial and has caused and will continue to cause irreparable injury to BeautyBank, for which BeautyBank has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant's use of the EAU FLIRT mark, without BeautyBank's consent, constitutes the use of false or misleading designations of origin and/or the making of false of misleading representation of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods distributed, sold and offered for sale by Defendant bearing the infringing EAU FLIRT mark.