Ira S. Sacks
Jennifer Daddio
Law Offices of Ira S. Sacks LLP
575 Madison Avenue
New York, New York 10022
(212) 605-0130
(212) 605-0353 (fax)
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BeautyBank Inc.

                Plaintiff,

        v.

Harvey Prince LLP and Kumar Ramani,

                Defendants.
-----------------------------------------------------------x

Civ. No. 10 CV 955

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff BeautyBank Inc. ("BeautyBank" or "Plaintiff"), for its complaint against defendant Harvey Prince LLP ("Harvey Prince") and Kumar Ramani ("Ramani" and together with Harvey Prince, "Defendants"), by its attorneys the Law Offices of Ira S. Sacks LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, dilution, false advertising, and unfair competition in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, damages and related relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. BeautyBank's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New York. There also is complete diversity of

citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. Plaintiff BeautyBank is a Delaware corporation with its principal place of business at 767 Fifth Avenue, New York, New York 10153. BeautyBank has been injured and will continue to be injured in New York and this judicial district by Defendants' wrongful acts.

4. According to sworn filings in the United States Patent & Trademark Office, Defendant Harvey Prince is a Nevada limited liability partnership and maintains its principal place of business at 269 Alfred Avenue, Englewood Cliffs, New Jersey 07632. Despite those sworn filings however, the Nevada Secretary of State website does not list Harvey Prince as a limited liability partnership registered in Nevada. Kumar Ramani is the sole dominating and controlling owner and member of Harvey Prince. Moreover, Ramani participated directly in the acts alleged herein. As a result, Ramani is sued personally herein. Defendants (i) have sold the infringing products at issue in this case and other products in New York and this judicial district and/or (ii) expected, intended and directed that those products be resold in New York and this judicial district by its distributors and/or retail accounts, and had full knowledge that those products were resold in New York and this judicial district or could reasonably be expected to be resold in New York and this judicial district.

## THE FLIRT TRADEMARKS

5. BeautyBank is a direct subsidiary of The Estée Lauder Companies Inc. and the owner of the brand FLIRT. BeautyBank is engaged in the manufacture, distribution and sale in interstate commerce of the FLIRT brand line of cosmetics, including, *inter alia*, fragrance, color cosmetics, bath and body products, and skin care preparations. BeautyBank or its predecessors-in-interest have been using the FLIRT Trademarks (as defined below) on various cosmetics and

beauty care products since 1998.  Since September 2004, FLIRT cosmetics have been sold throughout the United States exclusively in Kohl's department stores.

6. BeautyBank is the owner of a family of numerous registered and common law trademarks using "FLIRT" as all or a significant portion of the mark (the "FLIRT Trademarks"). The FLIRT Trademarks include, but are not limited to, the following U.S. Trademark Registrations:

| Trademark | Registration Or Application Number | Registration Date | IC | Goods and Services |
|---|---|---|---|---|
| FLIRT | 2188598 | September 8, 1998 | 003 | cologne; perfume; body lotion |
| FLIRT | 3086352 | April 25, 2006 | 003 | Cosmetics, namely, lipstick, lip gloss, lip pencils, lip liner, lip balm, lip conditioner, eye pencils, eye liner, eye shadow, mascara, eye brow pencils, foundation make-up, pressed powder, face powder, concealer, rouge, blush, and make-up remover; fragrances for personal use |
| BIG FLIRT | 3110374 | June 27, 2006 | 003 | Cosmetics |
| FLIRT | 3151504 | October 3, 2006 | 003 | Cosmetics; non-medicated skincare preparations |
| FLIRT WITH THE POSSIBILITIES | 3276256 | August 7, 2007 | 044 | Beauty consultation services |
| FLIRTATION | 3286227 | August 28, 2007 | 003 | Eau de parfum; Eau de perfume; Fragrances for personal use; Perfume |
| FLIRT | 3330383 | November 6, 2007 | 044 | Beauty consultation services |
| FLIRTATIOUS! and Design | 3345972 | November 27, 2007 | 003 | Body lotion; Fragrances for personal use; Perfume |
| FLIRT! | 3379306 | February 5, 2008 | 018 | Cosmetic bags sold empty; cosmetic cases sold empty, lipstick cases, toiletry cases sold empty, and vanity cases sold empty |

3

| FLIRT-TINIS | 3410323 | April 8, 2008 | 003 | Cosmetics |
| FLIRTATIOUS | 3469557 | July 15, 2008 | 003 | Body and beauty care preparations; Cologne; Cosmetics; Fragrances for personal use; Perfume |

7. BeautyBank also owns several pending U.S. trademark applications in the FLIRT family.

8. FLIRT registered trademark No. 2188598 has achieved incontestable status under 15 U.S.C. § 1065.

9. Between August 2004 and November 2009, the net shipments of FLIRT products totaled in excess of $6,000,000. During that same period, the gross retail sales were in excess of $110,000,000. The total amount spent on Advertising and Promotion in that time period was in excess of $2,700,000.

10. As a result of BeautyBank's exclusive and extensive use and promotion of the FLIRT Trademarks, the FLIRT Trademarks are famous and are well known to the consuming public and trade as identifying and distinguishing BeautyBank exclusively and uniquely as the source of the high quality merchandise and services to which the FLIRT Trademarks are applied. The FLIRT Trademarks have acquired enormous value, goodwill and recognition in the United States.

11. Among the many products marketed using the FLIRT Trademarks is a line of perfume and fragrances, which prominently features the FLIRT Trademarks. This line of perfume and fragrances has achieved substantial success in the marketplace.

**DEFENDANTS' WRONGFUL ACTS**

12. Defendants, without the consent of BeautyBank, are manufacturing, distributing, advertising, shipping, offering for sale, and selling, throughout the United States, a fragrance, bearing the name "EAU FLIRT" (the "Infringing Goods"). Such goods are competitive with, related to, and are directed and targeted towards the same group of ultimate consumers as the cosmetics to which the FLIRT Trademarks are applied. Upon information and belief, EAU FLIRT perfume was launched on July 1, 2009. A photograph of the EAU FLIRT perfume bottle is attached hereto as Exhibit A.

13. On May 5, 2009, Defendants applied to register the mark HARVEY PRINCE EAU FLIRT with the United States Patent and Trademark Office ("USPTO"), for use on "colognes, perfumes and cosmetics" in international class 3, Serial No. 77/733393. That application was an intent-to-use application. On August 10, 2009, the USPTO issued a Non-Final Office Action refusing registration of the mark HARVEY PRINCE EAU FLIRT because of a likelihood of confusion with the FLIRT Trademarks, specifically, Registration Nos. 2,188,598, 3,151,504 and 3,086,352.

14. The EAU FLIRT perfume is available for purchase on the Defendants website, at www.harveyprince.com. The website claims that "Eau Flirt has been clinically proven to attract men with its wickedly irresistible fragrance. Heads will turn with just one whiff of this subtle, yet sexy scent." According to Defendants, it is also available on other websites and at specialty stores and retailers nationwide.

15. Defendants' aforementioned acts are likely to cause confusion and mistake among consumers that (a) the Infringing Goods originated with BeautyBank, (b) there is some

affiliation, connection or association of Defendants and/or the Infringing Goods with BeautyBank, and/or (c) such Infringing Goods are being offered to consumers with the sponsorship and/or approval of BeautyBank, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the FLIRT Trademarks.

16. Defendants' aforementioned acts were willful and intentional, in that Defendants either knew that the Infringing Goods bore a trademark confusingly similar, substantially indistinguishable and/or identical to the FLIRT Trademarks, or willfully ignored such fact. Defendants' acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the enormous goodwill associated with the FLIRT Trademarks.

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT)

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. Defendants' use of EAU FLIRT, without BeautyBank's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods.

19. Defendants' misconduct has injured BeautyBank in an amount to be determined at trial and has caused and will continue to cause irreparable injury to BeautyBank, for which BeautyBank has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Defendants' use of the EAU FLIRT mark, without BeautyBank's consent, constitutes the use of false or misleading designations of origin and/or the making of false of misleading representation of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods distributed, sold and offered for sale by Defendants bearing the infringing EAU FLIRT mark.

22. Defendants' misconduct has injured BeautyBank in an amount to be determined at trial and has caused and will continue to cause irreparable injury to BeautyBank, for which BeautyBank has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. The FLIRT Trademarks are famous and inherently distinctive. BeautyBank and its predecessors in interest, in connection with the promotion and sale of their products, have used the FLIRT Trademarks on a national basis. As a result of BeautyBank's extensive and substantial promotion of the FLIRT Trademarks, the consuming public and trade have come to associate the FLIRT Trademarks uniquely and distinctly with BeautyBank and its high quality merchandise.

25. Long after the FLIRT Trademarks became famous, Defendants, without authority from BeautyBank, used unauthorized reproductions, counterfeits, copies and colorable imitations of the FLIRT Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of the registered FLIRT Trademarks.

26. As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. §1125(c).

27. Such conduct on the part of Defendants has injured BeautyBank in an amount to be determined at trial and has caused and threatens to cause irreparable injury to BeautyBank for which BeautyBank has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (<u>FALSE ADVERTISING</u>)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants' has made use of false advertising and/or false or misleading representations of fact which are likely to cause confusion and mistake among the consuming public that EAU FLIRT perfume is clinically proven to make "men flirt with women" in violation of 15 U.S. C. § 1125(a).

30. Defendants' misconduct has injured BeautyBank in an amount to be determined at trial and has caused and will continue to cause irreparable injury to BeautyBank for which BeautyBank has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (<u>COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants' forgoing actions constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

33. Defendants' misconduct has injured BeautyBank in an amount to be determined at trial and has caused and will continue to cause irreparable injury to BeautyBank, for which BeautyBank has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 349)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. The aforementioned acts of Defendants constitute deceptive acts and practices, and cause consumer injury. These aforementioned acts of Defendants not only harm BeautyBank, but also harm the public interest, all in violation of New York General Business Law § 349.

36. Defendants' misconduct has injured BeautyBank and has caused and will continue to cause irreparable injury to BeautyBank, for which BeautyBank has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 360-1)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. As a result, Defendants has injured BeautyBank's public image and business reputation and/or diluted the distinctive quality of the FLIRT Trademarks in violation of New York General Business Law § 360-1.

39. Such conduct on the part of Defendants has injured BeautyBank in an amount to be determined at trial and has caused and threatens to cause irreparable injury to BeautyBank for which BeautyBank has no adequate remedy at law.

WHEREFORE, BeautyBank demands that a judgment be entered granting the following relief:

1.  Preliminarily and permanently enjoining and restraining Defendants and its affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

 (a) imitating, copying or making unauthorized use of the FLIRT Trademarks;

 (b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the EAU FLIRT perfume or any other products bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the FLIRT Trademarks, either individually or in conjunction with other words, marks or designs;

 (c) using any mark confusingly similar to any of the FLIRT Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with BeautyBank or to any goods sold, sponsored, approved by, or connected with BeautyBank;

 (d) engaging in any other activity constituting unfair competition with BeautyBank, or constituting an infringement of any of the FLIRT Trademarks or BeautyBank's rights in, or its rights to use or exploit such trademarks, or the reputation and the goodwill associated with the FLIRT Trademarks;

 (e) making any statement or representation whatsoever, with respect to the EAU FLIRT perfume that falsely designates BeautyBank as the origin of the goods, or that is false or misleading with respect to BeautyBank; and

(f) engaging in any other activity, including the effectuation of assignments or transfers of their interests in marks confusingly similar to the FLIRT Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above.

2.  Directing that Defendants deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices or other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the FLIRT Trademarks and/or any unauthorized reproductions, counterfeits, copies or colorable imitations thereof.

3.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products at issue in this case that have been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by BeautyBank or are related to or associated in any way with BeautyBank's products.

4.  Awarding BeautyBank all damages sustained by it as a result of Defendants' wrongful acts, and trebling those amounts, pursuant to 15 U.S.C. § 1117.

5.  Requiring Defendants to account and pay over to BeautyBank all profits realized by their wrongful acts, and trebling those amounts, pursuant to 15 U.S.C. § 1117.

6.  Awarding BeautyBank its costs, reasonable attorneys' fees, investigative fees and expenses, together with pre-judgment interest.

7. Awarding BeautyBank such other and further relief as the Court deems just and proper.

**Plaintiff demands a trial by jury on all claims so triable.**

Dated: New York, New York
       February 18, 2009

By: _____
    Ira S. Sacks
    Jennifer T. Daddio
    Law Offices of Ira S. Sacks LLP
    575 Madison Avenue
    New York, New York 10022
    (212) 605-0130
    (212) 605-0353 (fax)
    *Attorneys for Plaintiff*