```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BEAUTYBANK, INC.,                                              :
                    Petitioner,                                : 10 Civ. 955 (DAB) (GWG)
          -v.-                                                 : REPORT AND RECOMMENDATION
HARVEY PRINCE LLP, et al.,                                     :
                    Respondent.                                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.   BACKGROUND

BeautyBank, Inc. ("BeautyBank") brings this action against Harvey Prince LLP ("Harvey Prince") and Kumar Ramani seeking damages and injunctive relief for (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin in violation of 15 U.S.C. § 1125(a); (3) trademark dilution in violation of 15 U.S.C. § 1125(c); (4) false advertising in violation of 15 U.S.C. § 1125(a); (5) common law trademark infringement and unfair competition; (6) deceptive acts and practices in violation of N.Y. Gen. Bus. § 349; and (7) injury to BeautyBank's public image and business reputation and/or trademark dilution in violation of N.Y. Gen. Bus. § 360-1(a).  See Amended Complaint, filed Feb. 18, 2010 (Docket # 3) ("Am. Compl.") ¶¶ 17-39.

When Harvey Prince and Ramani failed to answer the complaint, BeautyBank moved for a default judgment against them.  See Notice of Motion, filed Apr. 28, 2010 (Docket # 13); Declaration of Ira S. Sacks in Support of Plaintiff's Motion for Default Judgment, filed Apr. 28, 2010 (Docket # 14); Plaintiff's Memorandum of Law in Support of Motion for Entry of Default Judgment, filed Apr. 28, 2010 (Docket # 15).  By stipulation, BeautyBank agreed to withdraw the motion for default judgment against Ramani, see Stipulation, filed May 25, 2010 (Docket

# 21), who eventually appeared in the action.  The district court thereafter granted BeautyBank's motion for default judgment against Harvey Prince and entered a permanent injunction against it.  See Default Judgment and Permanent Injunction, filed Oct. 12, 2010 (Docket # 31) ("Default").[1]  At the same time, the district court referred the case to the undersigned for an inquest.  See Order of Reference to a Magistrate Judge, filed Oct. 12, 2010 (Docket # 30).

---

[1]  The court's injunction enjoined Harvey Prince from performing the following acts:

> a) imitating, copying or making unauthorized use of the FLIRT Trademarks;
>
> b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the EAU FLIRT perfume or any other products bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the FLIRT Trademarks, either individually or in conjunction with other words, marks or designs;
>
> c) using any mark confusingly similar to any of the FLIRT Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with BeautyBank or to any goods sold, sponsored, approved by, or connected with BeautyBank;
>
> d) engaging in any other activity constituting unfair competition with BeautyBank, or constituting an infringement of any of the FLIRT Trademarks or BeautyBank's rights in, or its rights to use or exploit such trademarks, or the reputation and the goodwill associated with the FLIRT Trademarks;
>
> e) making any statement or representation whatsoever, with respect to the EAU FLIRT perfume that falsely designates BeautyBank as the origin of the goods, or that is false or misleading with respect to BeautyBank; and
>
> f) engaging in any other activity, including the effectuation of assignments or transfers of their interests in marks confusingly similar to the FLIRT Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(e) above.

Id. at 3-4.

On October 15, 2010, this Court issued an order directing BeautyBank to file proposed findings of fact and conclusions of law with supporting documentation in support of its request for damages. See Scheduling Order for Damages Inquest, filed Oct. 15, 2010 (Docket # 32) ("Oct. 15 Order"). BeautyBank made its submission on November 29, 2010, seeking $154,482 in damages, attorney's fees, and costs. See Proposed Findings of Fact and Conclusions of Law, dated Nov. 29, 2010 ("Pl. Memo") ¶ 51; Declaration of Ira S. Sacks, dated Nov. 29, 2010 ("Decl."). At the request of the Court during a conference, BeautyBank submitted a supplemental declaration on January 11, 2011, to further support its damages request. See Supplemental Declaration of Ira S. Sacks, dated Jan. 11, 2011 ("Supp. Decl.").[2]

Under the Court's scheduling order, Harvey Prince was given until December 29, 2010 to oppose BeautyBank's inquest submissions. See Oct. 15 Order ¶ 2. The Order also notified both parties that, absent a request from either side that the Court hold a hearing, the Court would conduct an inquest regarding damages based solely upon the parties' written submissions. Id. ¶ 3. A copy of the Order was mailed to Harvey Prince at its address of service and was also sent to Ramani, Harvey Prince's sole partner. Id. at 3. Harvey Prince did not request a hearing on the issue of damages or make any other submission to the Court.

Because the default judgment entered here establishes Harvey Prince's liability, see Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995), the only issue remaining is whether BeautyBank has supplied adequate support for the damages it seeks. See GAKM Res. LLC v. Jaylyn Sales Inc., 2009 WL 2150891, at *2 (S.D.N.Y. July 20, 2009) ("A default judgment that is entered on the well-pleaded allegations in a complaint establishes a

---

[2] BeautyBank's inquest submissions contain information subject to a protective order and have not been electronically filed. See Stipulation and Protective Order Concerning Confidentiality of Discovery Materials, filed Aug. 20, 2010 (Docket # 27).

defendant's liability . . . and the sole issue that remains before the court is whether the plaintiff has provided adequate support for the relief it seeks.") (citations omitted); accord Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991), cert. denied, 503 U.S. 1006 (1992). BeautyBank's submissions include two declarations and attached documentary evidence. Because these submissions provide a basis for an award of damages, no hearing is required.

II.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

In light of Harvey Prince's default, BeautyBank's properly-pleaded allegations, with the exception of those relating to damages, are accepted as true. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor.") (citation omitted); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009). The following findings of fact and conclusions of law are based on the allegations in the amended complaint regarding liability and the admissible evidence regarding damages in BeautyBank's submissions.

      A.      <u>Facts Relating to Liability</u>

BeautyBank "is a Delaware corporation with its principal place of business at 767 Fifth Avenue, New York, New York . . . ." Am. Compl. ¶ 3. BeautyBank is "the owner of the brand FLIRT" and is the manufacturer, distributor, and seller in interstate commerce of the FLIRT brand. <u>Id.</u> ¶ 5. The FLIRT brand consists of a line of cosmetics, "including, <u>inter alia</u>, fragrance, color cosmetics, bath and body products, and skin care preparations." <u>Id.</u> BeautyBank has been using the FLIRT trademarks since 1998. <u>Id.</u> "Since September 2004, FLIRT cosmetics have been sold throughout the United States exclusively in Kohl's department stores." <u>Id.</u>

"BeautyBank is the owner of a family of numerous registered and common law trademarks using 'FLIRT' as all or a significant portion of the mark . . . ." <u>Id.</u> ¶ 6. The FLIRT trademarks include 11 registered trademarks, <u>see id.</u>, as well as "several pending U.S. trademark applications in the FLIRT family," <u>id.</u> ¶ 7. The "FLIRT registered trademark No. 2188598 has achieved incontestable status under 15 U.S.C. § 1065." <u>Id.</u> ¶ 8. The FLIRT trademarks have "acquired enormous value, goodwill and recognition in the United States," and are "famous and well known to the consuming public and trade as identifying and distinguishing BeautyBank exclusively and uniquely as the source of the high quality merchandise and services to which the FLIRT Trademarks are applied." <u>Id.</u> ¶ 10. The FLIRT line of perfume and fragrances "prominently features the FLIRT Trademarks" and "has achieved substantial success in the marketplace." <u>Id.</u> ¶ 11.

Harvey Prince is a "Nevada limited liability partnership [that] maintains its principal place of business at 269 Alfred Avenue, Englewood Cliffs, NJ 07632." <u>Id.</u> ¶ 4. Ramani is the "sole dominating and controlling owner and member of Harvey Prince." <u>Id.</u> Harvey Prince, "without the consent of BeautyBank, [has] manufactur[ed], distribut[ed], advertis[ed], shipp[ed],

offer[ed] for sale, and [sold], throughout the United States, a fragrance, bearing the name 'EAU FLIRT' (the 'Infringing Goods')." Id. ¶ 12.  On May 5, 2009, Harvey Prince applied to register the HARVEY PRINCE EAU FLIRT mark with the United States Patent and Trademark Office ("USPTO").  Id. ¶ 13.  The USPTO denied this request and issued a "Non-Final Office Action refusing registration of the [proposed mark] because of a likelihood of confusion with the FLIRT Trademarks . . . ."  Id.  EAU FLIRT was "launched on July 1, 2009," id., and is available for sale online on Harvey Prince's website, see id. ¶ 14.

"[Harvey Prince's] . . . acts are likely to cause confusion and mistake among consumers that (a) the Infringing Goods originated with BeautyBank, (b) there is some affiliation, connection or association of Defendants and/or the Infringing Goods with BeautyBank, and/or (c) such Infringing Goods are being offered to consumers with the sponsorship and/or approval of BeautyBank, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the FLIRT Trademarks." Id. ¶ 15.  These acts were willful and intentional because the defendant either knew that "the Infringing Goods bore a trademark confusingly similar, substantially indistinguishable and/or identical to the FLIRT Trademarks, or willfully ignored such fact."  See id. ¶ 16.  "[Harvey Prince's] acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the enormous goodwill associated with the FLIRT Trademarks."  Id.

B.  Damages

BeautyBank seeks to recover Harvey Prince's profits in the amount of $51,494, which it seeks to treble pursuant to 15 U.S.C. § 1117.  Pl. Memo ¶¶ 47, 48, 50, 51.  In addition, BeautyBank requests attorney's fees and costs.  Id. ¶¶ 48, 49, 51.

To recover an infringer's profits under the Lanham Act, a plaintiff must show that an infringer acted willfully, and profits are "normally available only if the defendant is unjustly enriched, if the plaintiff sustained damages from the infringement, or if the accounting is necessary to deter a willful infringer from doing so again." George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1537 (2d. Cir.) (internal punctuation and citations omitted), cert. denied, 506 U.S. 991 (1992); accord U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta, Inc., 2009 WL 4351962, at *2 (S.D.N.Y. Dec. 1), adopted by 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009). A court must also consider the following factors: "(1) the degree of certainty that the defendant benefited from the unlawful conduct; (2) availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) plaintiff's laches; and (5) plaintiff's unclean hands." George Basch Co., 968 F.2d at 1540.

Where a plaintiff shows entitlement to profits and the amount of profits earned by a defendant, it is the burden of the defendant to "prove all elements of [any] cost or deduction claimed." 15 U.S.C. § 1117(a); accord Am. Honda Motor Co. v. Two Wheel Corp., 918 F.2d 1060, 1063 (2d Cir. 1990); Louis Vuitton S.A. v. Spencer Handbags Corp., 765 F.2d 966, 973 (2d Cir. 1985); Chloe v. Zarafshan, 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009); GAKM Res. LLC, 2009 WL 2150891, at *4; AW Indus., Inc. v. Sleep Well Mattress, Inc., 2009 WL 485186, at *3 (E.D.N.Y. Feb. 26, 2009). "Nevertheless, where the court finds defendant's profits are either inadequate or excessive, the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." U.S.A. Famous Original Ray's Licensing Corp., 2009 WL 4351962, at *2 (citing 15 U.S.C. § 1117(a); George Basch Co., 968 F.2d at 1537) (brackets, internal quotation marks, and additional citations omitted).

Here, Harvey Prince through its default has admitted the allegations of the complaint, which reflect willful acts of infringement. See Malletier v. Carduci Leather Fashions, Inc, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("[B]y virtue of its default, [defendant] has admitted [plaintiff's] allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff's] rights."); Rodgers v. Anderson, 2005 WL 950021, at *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."). The allegations are also sufficient to meet the factors listed in George Basch Co. regarding an award of the defendant's profits. The complaint makes clear that Harvey Prince benefitted from its improper use of plaintiff's trademark and that Harvey Prince is directly responsible for the infringement. The Court concludes that a significant award is necessary to deter others from such unlawful conduct and there is no evidence that plaintiff delayed in enforcing its rights or has unclean hands.

In addition, BeautyBank has provided adequate proof of Harvey Prince's profits. Attached to its submissions was "the Sales Report generated by Defendant Kumar Ramani summarizing the sales of Eau Flirt Infringing Goods," see Sales Report (annexed as Ex. E to Decl.) ("Sales Report"), as well as the "wholesale invoices of Eau Flirt Infringing Goods," see Wholesale Invoices (annexed as Ex. F to Decl.) ("Invoices"). The Invoices show that Harvey Prince's wholesale sales total $2,080. See Invoices. The Sales Report states that Harvey Prince's retail sales total $49,414. See Sales Report. "Thus, the total sales of Eau Flirt Infringing Goods is $51,494, that is the sum of wholesale sales of $2,080 plus the retail sales of $49,414." See Supp. Decl. ¶ 3.

Because Harvey Prince has not provided any information regarding its costs or deductions, BeautyBank is entitled to the presumption that the total amount of sales alleged,

$51,494, reflects its profits.  See Am. Honda Motor Co., 918 F.2d at 1063 ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it."); Gucci Am., Inc. v. Rebecca Gold Enters., Inc., 798 F. Supp. 177, 182 (S.D.N.Y. 1992) ("In stark contrast [to the plaintiff], the defendant must prove all elements of costs or deductions claimed.").[3]

BeautyBank also seeks to have Harvey Prince's profits trebled pursuant to "15 U.S.C. § 1117," Pl. Memo ¶ 48, but does not specify whether it is relying upon subsection (a) or (b).  Its omission is irrelevant, however, because BeautyBank is not entitled to treble Harvey Prince's profits under either subsection.

Section 1117(a) provides, in pertinent part, that

> [i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.  If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  Such sum in either of the above circumstances shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a).  Thus, where a plaintiff seeks to recover its "actual damages," the statute permits a court to award up to three times the plaintiff's damages.  However, where a plaintiff seeks to recover the defendant's "profits," the statute does not permit trebling.  See U.S.A. Famous Original Ray's Licensing Corp., 2009 WL 4351962, at *4 ("Because § 1117(a) does not explicitly provide for trebling an award of defendant's profits, but only permits trebling of plaintiff's actual damages, courts cannot treble an award of defendant's profits.") (citing Nutting v. RAM S.W., Inc., 69 F. App'x. 454, 458 (Fed. Cir. 2003)) (additional citations and internal

---

[3]  While the Sales Report contains figures purporting to be costs for, inter alia, shipping, handling, and packaging, the Court is not required to accept these amounts inasmuch as Harvey Prince has failed to submit any evidence to support these deductions, as was its burden.

quotation marks omitted); Thompson v. Haynes, 305 F.3d 1369, 1380 (Fed. Cir. 2002) ("As for damages, the court may award up to three times actual damages, depending on the circumstances of the case.  As for profits, however, the court is not authorized to award up to three times the amount proved."); Dialogo, LLC v. Bauza, 549 F. Supp. 2d 131, 137 (D. Mass. 2008) ("[T]he amount to be trebled under [§ 1117(a)] of the Lanham Act cannot include lost profits.") (citation omitted).  Because BeautyBank seeks to recover Harvey Prince's profits, BeautyBank is not entitled to treble those profits under § 1117(a).

Nor is BeautyBank entitled to trebled profits under § 1117(b).  Section 1117(b) provides the following:

> In assessing damages under subsection (a) for any violation of section 1114(1)(a) of this title . . . in a case involving use of a counterfeit mark or designation (as defined in section 1116(d) of this title), the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of
>
>> (1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale, or distribution of goods or services; or
>>
>> (2) providing goods or services necessary to the commission of a violation specified in paragraph (1), with the intent that the recipient of the goods or services would put the goods or services to use in committing the violation.

15 U.S.C. § 1117(b).  Thus, the statute limits the award of trebled profits to suits where the defendant is alleged to have used a "counterfeit mark."  Because the amended complaint does not allege that Harvey Prince used a counterfeit mark, BeautyBank is not entitled to trebled profits pursuant to 15 U.S.C. § 1117(b).

A court may in its discretion award a sum greater then the defendant's profits. See 15 U.S.C. § 1117(a) ( "[I]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."). But no additional award is justified here, because BeautyBank has neither argued that an award of $51,494, would constitute an inadequate recovery pursuant § 1117(a) nor provided evidence justifying an additional award. See Gidatex, S.r.L. v. Campaniello Imps, Ltd., 82 F. Supp. 2d 136, 147 (S.D.N.Y. 2000) (no additional award given where plaintiff failed to point to "other concrete . . . harms for which it require[d] compensation"); see U.S.A. Famous Original Ray's Licensing Corp., 2009 WL 4351962, at *5 (no additional award where plaintiff did not "present[] any evidence that an award of . . . profits . . . [was] inadequate") (citing Nutting, 69 F. App'x at 458); Doctor's Assocs. Inc. v. Agnello, 2009 WL 2878098, *2 (S.D.N.Y. Aug. 27, 2009) (no additional damages awarded when there was no basis in the record for the increase). Nor does the Court view the award as inadequate based on the record presented on this motion.

BeautyBank's request for attorney's fees and costs pursuant to 15 U.S.C. § 1117(a), (b) must be denied. BeautyBank provides no admissible evidence as to its costs and to be awarded attorney's fees a party must submit evidence to support the request sought. See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("Hereafter, any attorney–whether a private practitioner or an employee of a nonprofit law office–who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."). The Court specifically informed BeautyBank of this requirement in its October 15 Order, which warned

11

that "[a]ny request for attorney's fees must be supported by contemporaneous time records showing for each attorney, the date of service, the hours expended, and the nature of the work performed." Oct. 15 Order ¶ 2 n.1. Because BeautyBank has failed to supply the Court with any evidence at all to support its request for fees and costs, its request must be denied.

III.     CONCLUSION

For the foregoing reasons, BeautyBank should be awarded a judgment against Harvey Prince in the amount of $51,494.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 23, 2011
       New York, New York

                                                                               _____
                                                                            GABRIEL W. GORENSTEIN
                                                                             United States Magistrate Judge

Copies mailed to:

    Harvey Prince LLP
    c/o Kumar Ramani
    P.O.B. 805
    Princeton Junction, NJ 08550

    Harvey Prince LLP
    269 Alfred Avenue
    Englewood Cliffs, NJ 07632

Attorneys Notified via ECF

Dated: February 23, 2011
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

    Harvey Prince LLP
    c/o Kumar Ramani
    P.O.B. 805
    Princeton Junction, NJ 08550

    Harvey Prince LLP
    269 Alfred Avenue
    Englewood Cliffs, NJ 07632

Attorneys Notified via ECF