```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BEAUTYBANK, INC.,

                    Plaintiff,           10 Civ. 955 (DAB) (GWG)
                                         ADOPTION OF REPORT
                                         AND RECOMMENDATION

          -against-

HARVEY PRINCE LLP, et al.,

                    Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/11

DEBORAH A. BATTS, United States District Judge.

On October 12, 2010, this Court signed a Default Judgment and Permanent Injunction in favor of BeautyBank, Inc. against Harvey Prince LLP, and directed that an inquest be conducted on damages. (Docket #31.) On February 23, 2011, United States Magistrate Judge Gabriel W. Gorenstein filed a Report and Recommendation (the "Report") recommending that BeautyBank, Inc. be awarded a judgment against Harvey Prince LLP in the amount of $51,494.00.

According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations").

This Court received a letter on behalf of Harvey Prince LLP dated March 9, 2011, objecting to the Report. The objection contends that it was error for Magistrate Judge Gorenstein to fail to consider costs and accordingly to equate "gross sales" with "profits." Reviewing the objected-to portion of the Report de novo, see 28 U.S.C. § 636(b)(1)(C), BeautyBank, Inc. is entitled to a judgment against Harvey Prince LLP in the amount of Harvey Prince LLP's gross sales, which amount to $51,494.00.

Where a plaintiff has shown the amount earned by a defendant, the burden is on the defendant to "prove all elements of [any] cost or deduction claimed." 15 U.S.C. § 1117(a). "Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it." American Honda Motor Co. v. Two Wheel Corp., 918 F.2d 1060, 1063 (2d Cir. 1990); see also Nat'l Envelope Corp. v. American Pad & Paper Co., No. 06 Civ. 12988, 2009 WL 5173920, at *9 (S.D.N.Y. Dec. 30, 2009). Although Harvey Prince LLP was given until December 29, 2010 to oppose BeautyBank, Inc.'s inquest submissions, Harvey Prince LLP did not request a hearing on damages or make any submissions. Having failed to make a submission before Magistrate Judge Gorenstein, Defendant Harvey Prince LLP has failed to carry its burden of proving costs, and

will not now be heard to complain that costs should be deducted from the gross sales figure.

Having reviewed the remainder of the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation, Docket Entry No. 75, of United States Magistrate Judge Gabriel W. Gorenstein, dated February 23, 2011, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety; and

2. The Clerk of Court is directed to enter judgment in favor of BeautyBank, Inc. as against Harvey Prince LLP in the amount of $51,494.00.

SO ORDERED.

DATED:   New York, New York
         April 18, 2011

Deborah A. Batts
United States District